UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA BALLARIEL,

      Plaintiff,

                                 Case No.: 07-14076

-vs-                            Honorable Victoria A. Roberts

ULTA SALON, COSMETICS &
FRAGRANCE INC.,

      Defendant.

_____/

| | |
|---|---|
| Timothy Greimel (P61743) | Mark A. Lies II (IL # 1659693) |
| 32 Roanoke Lane | Erin Dougherty Foley (IL # 06269761) |
| Rochester Hills, MI 48309 | SEYFARTH SHAW, LLP |
| (248) 425-7525 (telephone) | 131 S. Dearborn, Suite 2400 |
| | Chicago, IL 60603 |
| ***Attorney for Plaintiff*** | (312) 460-5000 (telephone) |
| | (312) 460-7000 (facsimile) |
| | |
| | Megan P. Norris (P53568) |
| | MILLER, CANFIELD, PADDOCK & STONE, PLC |
| | 150 West Jefferson, Suite 2500 |
| | Detroit, MI 48226 |
| | (313) 963-6420 (telephone) |
| | |
| | ***Attorneys for Defendant*** |

_____/

## AMENDED COMPLAINT

For her Amended Complaint, Plaintiff Gloria Ballariel, by and through her attorney, states:

### JURISDICTION AND VENUE

1.     Plaintiff Gloria Ballariel ("Plaintiff") is a citizen of the State of Michigan because she currently resides there and intends to continue to reside there indefinitely.

2.      Defendant Ulta Salon, Cosmetics & Fragrance Inc. ("Defendant") is a citizen of the State of Delaware because Delaware is Defendant's state of incorporation and principal place of business.

3.      The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

4.      In accordance with 28 U.S.C. § 1332, this Court has original diversity jurisdiction over this matter because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Some of Plaintiff's claims arise under the Constitution, laws, or treatises of the United States.

6.      In accordance with 28 U.S.C. § 1331, this Court has original subject matter jurisdiction over Plaintiff's claims arising under the Constitution, laws, or treatises of the United States.

7.      Plaintiff's claims arising under state law form part of the same case or controversy as her claims arising under the Constitution, laws, or treatises of the United States.

8.      In accordance with 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's claims arising under state law.

9.      Defendant removed this action to this Court from the Circuit Court for the County of Oakland in the State of Michigan.

10.      In accordance with 28 U.S.C. § 1441(a), this Court is the appropriate venue for this action because it embraces Oakland County, Michigan.

-2-

## COMMON ALLEGATIONS

11.     Defendant operates a chain of retail stores that sell multi-brand beauty products.

12.     Defendant hired Plaintiff to be an Assistant Store Manager at its store on Orchard Lake Road in Farmington Hills, Michigan.

13.     Plaintiff began working as an employee of Defendant on September 5, 2006.

14.     Plaintiff held the position of Assistant Store Manager at the Farmington Hills store during the entire term of her employment.


## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RACIAL DISCRIMINATION

15.     Plaintiff incorporates by reference paragraphs 1-14 above.

16.     From the outset of her employment, Plaintiff, who is African-American, was treated substantially differently than similarly situated and similarly qualified white employees.

17.     Plaintiff's training was substantially different than, and inferior to, the training provided to a white co-worker who, like Plaintiff, was an Assistant Store Manager and who began working at the same store at the same time as Plaintiff.

18.     Plaintiff's training was also substantially different than, and inferior to, the training provided to other similarly situated white employees.

19.     As a result of her different and inferior training, Plaintiff was set up for failure and subsequently made various errors and/or omissions in connection with her job.

20.     Plaintiff was reprimanded and disciplined for errors and/or omissions that she would not have made had she been properly trained.

21.     Plaintiff was also reprimanded and disciplined for errors, omissions, allegations, and events for which white employees were not reprimanded or disciplined.

22.     Defendant did not offer Plaintiff a promotion to the position of General Manager, but Defendant offered the position to a number of similarly situated white employees who were no more qualified than Plaintiff for the position.

23.     Plaintiff's supervisors and managers regularly treated her in a rude, exclusionary, demeaning, and disrespectful way, creating a humiliating and hostile environment in which Plaintiff was required to work.

24.     By treating Plaintiff disrespectfully and in a manner contrary to her position as Assistant Store Manager, Plaintiff's supervisors and managers encouraged Plaintiff's subordinates to also disrespect her.

25.     Defendant's racial discrimination against Plaintiff ultimately culminated in the termination of Plaintiff on January 25, 2007.

26.     Defendant's racially discriminatory conduct constitutes a violation of Title VII of the federal Civil Rights Act of 1964.

27.     As a result of the racial discrimination experienced by Plaintiff, she has suffered from stress, migraine headaches, high blood pressure, an enlarged heart, seizures, and depression.

Wherefore, Plaintiff requests that this Court award her damages in excess of $75,000, exclusive of interest and costs.


### ELLIOT-LARSEN CIVIL RIGHTS ACT – RACIAL DISCRIMINATION

28.     Plaintiff incorporates by reference paragraphs 1-27 above.

29.     Defendant's racially discriminatory conduct against Plaintiff constitutes a violation of Michigan's Elliot-Larsen Civil Rights Act.

30.     As a result of the racial discrimination experienced by Plaintiff, she has suffered from stress, migraine headaches, high blood pressure, an enlarged heart, seizures, and depression.

Wherefore, Plaintiff requests that this Court award her damages in excess of $75,000, exclusive of interest and costs.

## 42 U.S.C 1981

31.     Plaintiff incorporates by reference paragraphs 1-30 above.

32.     Defendant's racially discriminatory conduct against Plaintiff constitutes a violation of Title 42, Section 1981 of the United States Code.

33.     As a result of the racial discrimination experienced by Plaintiff, she has suffered from stress, migraine headaches, high blood pressure, an enlarged heart, seizures, and depression.

Wherefore, Plaintiff requests that this Court award her damages in excess of $75,000, exclusive of interest and costs.

## AMERICANS WITH DISABILITIES ACT

34.     Plaintiff incorporates by reference paragraphs 1-33 above.

35.     Plaintiff has worn a prosthetic leg since her left leg was amputated in 1996.

36.     Prior to her employment with Defendant, Plaintiff and her doctor realized that Plaintiff needed a new prosthetic leg and began the process of fitting Plaintiff for one.

37.     The process of fitting a prosthetic leg is lengthy, requiring a patient to wear the leg for weeks at a time and then return to the doctor to make adjustments.  This is repeated over the course of months.

38.     Although the process began prior to Plaintiff's employment with Defendant, it continued during the course of Plaintiff's employment with Defendant.

39.     In order to have the new prosthetic leg fitted, Plaintiff needed to occasionally take time off of work.

40.     Plaintiff's supervisors and managers were not amenable to Plaintiff taking the needed time off of work.

41.     Plaintiff's supervisors and managers harassed Plaintiff about taking needed time off for her prosthesis-fitting appointments and reprimanded and disciplined Plaintiff for taking needed time off for her prosthesis-fitting appointments.

42.     Because Plaintiff sprained her right ankle on September 16, 2007, she needed to put an unusually large amount of weight on her prosthetic leg when she worked extremely long hours.

43.     As a result, Plaintiff suffered a great deal of pain in her left leg on a couple of occasions, requiring her to take a day, or a portion of a day, off of work to recuperate on a couple of occasions.

44.     Plaintiff's supervisors and managers were not amenable to Plaintiff taking the needed time off of work to recuperate.

45.     Plaintiff's supervisors and managers harassed Plaintiff about taking the needed time off to recuperate and reprimanded and disciplined Plaintiff for taking the needed time off to recuperate.

-6-

46.     Defendant was not reasonably accommodating of Plaintiff's disability and associated medical needs.

47.     Defendant's failure to reasonably accommodate Plaintiff's disability and associated medical needs and Defendant's discrimination against Plaintiff based on her disability ultimately culminated in the termination of Plaintiff on January 25, 2007.

48.     Defendant's failure to reasonably accommodate Plaintiff's disability and associated medical needs and Defendant's discrimination against Plaintiff based on her disability constitute violations of the federal Americans with Disabilities Act.

49.     As a result of Defendant's treatment of Plaintiff in violation of the Americans with Disabilities Act, Plaintiff has suffered from stress, migraine headaches, high blood pressure, an enlarged heart, seizures, and depression.

Wherefore, Plaintiff requests that this Court award her damages in excess of $75,000, exclusive of interest and costs.


**PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**

50.     Plaintiff incorporates by reference paragraphs 1-49 above.

51.     Defendant's failure to reasonably accommodate Plaintiff's disability and associated medical needs and Defendant's discrimination against Plaintiff based on her disability constitute violations of Michigan's Persons with Disabilities Civil Rights Act.

52.     As a result of Defendant's treatment of Plaintiff in violation of Michigan's Persons with Disabilities Civil Rights Act, Plaintiff has suffered from stress, migraine headaches, high blood pressure, an enlarged heart, seizures, and depression.

Wherefore, Plaintiff requests that this Court award her damages in excess of $75,000, exclusive of interest and costs.

### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RETALIATION

53.     Plaintiff incorporates by reference paragraphs 1-52 above.

54.     Plaintiff filed a charge of discrimination based on race and disability with the Equal Employment Opportunity Commission and the Michigan Department of Civil Rights on November 8, 2006.

55.     After Plaintiff filed the charge of discrimination with the Equal Employment Opportunity Commission and the Michigan Department of Civil Rights, Plaintiff's supervisors and managers treated her worse than they had previously.

56.     The rude, exclusionary, demeaning, and disrespectful treatment of Plaintiff by her supervisors and managers became worse.

57.     On at least one occasion, Plaintiff's direct supervisor made a snide comment to Plaintiff about Plaintiff's wanting to be treated equally.

58.     The pattern of baseless and discriminatory reprimands and discipline of Plaintiff became more pronounced.

59.     The pattern of not reasonably accommodating Plaintiff's disability and associated medical needs became more pronounced.

60.     Defendant's retaliation against Plaintiff in response to Plaintiff's filing of a discrimination charge ultimately culminated in the termination of Plaintiff on January 25, 2007.

61.     Defendant's retaliation against Plaintiff in response to Plaintiff's filing of a discrimination charge constitutes a violation of Title VII of the federal Civil Rights Act of 1964.

62.     As a result of Defendant's retaliation against Plaintiff in violation of Title VII of the federal Civil Rights Act of 1964, Plaintiff has suffered from stress, migraine headaches, high blood pressure, an enlarged heart, seizures, and depression.

Wherefore, Plaintiff requests that this Court award her damages in excess of $75,000, exclusive of interest and costs.

## ELLIOT-LARSEN CIVIL RIGHTS ACT – RETALIATION

63.     Plaintiff incorporates by reference paragraphs 1-62 above.

64.     Defendant's retaliation against Plaintiff in response to Plaintiff's filing of a discrimination charge constitutes a violation of Michigan's Elliot-Larsen Civil Rights Act.

65.     As a result of Defendant's retaliation against Plaintiff in violation of Michigan's Elliot-Larsen Civil Rights Act, Plaintiff has suffered from stress, migraine headaches, high blood pressure, an enlarged heart, seizures, and depression.

Wherefore, Plaintiff requests that this Court award her damages in excess of $75,000, exclusive of interest and costs.

Respectfully submitted,

October 22, 2007                          BY:  s/ Timothy A. Greimel
                                          Timothy A. Greimel (P61743)
                                          32 Roanoke Lane
                                          Rochester Hills, Michigan 48309
                                          (248) 425-7525 (telephone)
                                          *Attorney for Plaintiff*

**Certificate of Service**

I certify that I caused a true and correct copy of the ***Amended Complaint*** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys at the following e-mail addresses:

Erin Dougherty Foley
edfoley@seyfarth.com

Megan P. Norris
Norris@MillerCanfield.com
I
***Attorneys for Defendant***

October 22, 2007                BY:  s/ Timothy A. Greimel
                               Timothy A. Greimel
                               32 Roanoke Lane
                               Rochester Hills, MI 48309
                               (248) 425-7525 (telephone)
                               timgreimel@yahoo.com
                               ***Attorney for Plaintiff***

-10-