**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GLORIA BALLARIEL,

        Plaintiff,        CIVIL ACTION NO. 07-CV-14076-DT

  VS.        DISTRICT JUDGE VICTORIA A. ROBERTS

ULTA SALON, COSMETICS        MAGISTRATE JUDGE MONA K. MAJZOUB
AND FRAGRANCE, INC.,

        Defendant.
                             /

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL AND GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY

This matter comes before the Court on Plaintiff's Motion to Compel Discovery and Motion to Extend Discovery filed on October 3, 2008. (Docket nos. 23, 24). Defendant responded to both motions. (Docket no. 25). Plaintiff filed a reply brief. (Docket no. 27). All pretrial matters have been referred to the undersigned for decision. (Docket no. 10). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

    **1.**    **Motion to Extend Discovery**

Plaintiff requests that the end of the discovery period be extended from October 3, 2008 until November 2, 2008. (Docket no. 23). Defendant argues that Plaintiff has been dilatory in pursuing discovery and that her motion should be denied with the limited exception of allowing Plaintiff to complete depositions scheduled prior to the close of discovery and that the deposition of Maureen McDonough be continued in New York. (Docket no. 25). Defendant contends that she did not pursue discovery sooner than she did because of her severe financial hardship. (Docket no. 27).

The Court has not previously extended the discovery period in this matter. It is apparent from the record that discovery, at least in the form of depositions, will proceed beyond the discovery period by agreement of the parties. The Court finds good cause for extending the discovery period. Plaintiff's motion will be granted, and discovery will close on November 2, 2008.

**2.    Motion to Compel**

Plaintiff's Motion to Compel is directed at three sets of discovery: (1) Plaintiff's First Set of Interrogatories served on September 3, 2008[1]; (2) Plaintiff's First Request for the Production of Documents served on September 3, 2008; and (3) Plaintiff's First Request for Inspection of Documents filed on September 3, 2008.[2]

Both parties failed to properly brief Plaintiff's Motion to Compel. Plaintiff failed to comply with E.D. Mich. LR 37.2. Rule 37.2 requires the discovery motion to include "a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D. Mich. LR 37.2. Plaintiff failed to include in her motion copies of the discovery she served or copies of the responses and objections of Defendant. More importantly, Plaintiff failed to acknowledge, and thus to discuss, the responses and objections served by Defendant on September 18, 2008 to all of the discovery at

---

[1] There is some doubt as to whether Plaintiff's three sets of discovery were served on September 3 or 4, 2008. The discovery is postmarked September 4, but Plaintiff's counsel asserts that he placed the discovery in the mail at midnight on September 3. This issue of whether the discovery was served on September 3 or 4 is not material to the resolution of these motions. The Court rejects Defendant's argument that, because its 30-day response period did not expire until one day after the close of discovery (if the discovery was served on September 4), it could properly refuse to respond to the discovery because it was untimely served.

[2] Plaintiff's Second Request for Production of Documents served on October 3, 2008 is not at issue in this motion.

issue. (Docket no. 25 exs. 2, 3, 4). Defendant included with its Response copies of its responses and objections to the discovery at issue. (Docket no. 25). However, Defendant fails to engage in any specific discussion of the interrogatories and requests for production to which it contends it should not be compelled to respond. Defendant argues that Plaintiff's Motion to Compel should be denied because she has not been diligent in pursuing discovery and because "much of the requests made by Plaintiff are overly broad, unduly burdensome, and seek information regarding individuals who are not similarly situated to Plaintiff or who have no bearing on the claims or defenses being asserted." Docket no. 25 at 6). Defendant has apparently produced some documents pursuant to these requests, but the exact content of the production is not revealed in the record. Because the parties did not engage in any specific discussion of the discovery at issue, the Court will not do so .

The Court finds that Plaintiff's First Request for Inspection of Documents and First Request for Production of Documents were properly served on Defendant. Defendant's arguments that it should not be compelled to respond to these discovery requests are not convincing. Therefore, Defendant will be ordered to provide full and complete supplemental responses to these discovery requests. If Defendant contends that all responsive documents have already been produced, it should so state in its supplemental responses.

Plaintiff's First Set of Interrogatories was also properly served on Defendant. Defendant's arguments that it should not be compelled to respond to these discovery requests are convincing for a portion of these interrogatories. The Court will compel full and complete responses to the following interrogatories: 1, 2, 4, 6 (limited to previous 5 years), 7, 10, 17, 19 (limited to the

3

previous 5 years), 21, 22, and 25. Plaintiff's Motion to Compel is denied as to the remainder of the interrogatories.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Extend Discovery (docket no. 23) is **GRANTED** to the extent that Discovery shall close on November 2, 2008.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (docket no. 24) is **GRANTED IN PART AND DENIED IN PART.** Defendant shall supplement its responses as set out above to Plaintiff's First Request for Inspection of Documents and Plaintiff's First Request for the Production of Documents on or before October 25, 2008. Defendant shall supplement its answers to Plaintiff's First Set of Interrogatories (Interrogatory nos. 1, 2, 4, 6 (limited to previous 5 years), 7, 10, 17, 19 (limited to previous 5 years), 21, 22, and 25) on or before October 25, 2008.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 15, 2008      s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: October 15, 2008      s/ Lisa C. Bartlett
                             Courtroom Deputy